# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Tony Hines, | Case No. 2:24-cv-00060-JAD-NJK |
| Plaintiff(s),v. | **Order** |
| James Dzurenda, et al., | [Docket Nos. 32, 33] |
| Defendant(s). | |

On July 2, 2025, the Court ordered the United States Marshals Service to attempt to effectuate service on Defendant William Miller. Docket No. 28. The Court also reset the service deadline to August 15, 2025. *See id.* On July 3, 2025, the Marshals Service filed a summons returned unexecuted because service cannot be completed at a post office box. Docket No. 30. On August 18, 2025, the Court issued a notice of intent to dismiss Defendant Miller pursuant to Rule 4(m), which also provided for seeking an extension of the service deadline. *See* Docket No. 32. On August 21, 2025, Plaintiff filed a motion seeking relief from the Rule 4(m) notice. Docket No. 33.[1] On September 4, 2025, Defendants filed a response in opposition. Docket No. 34. The Court does not require a reply or a hearing. *See* Local Rule 78-1.

**I.    EXTENSION**

Plaintiff seeks an extension of the service deadline. *See* Docket No. 33 at 2. Extensions to the service deadline must be allowed upon a showing of good cause, but such extensions may also be provided even without such a showing. Fed. R. Civ. P. 4(m). In this case, the Marshals Service indicated that the last known address for Defendant Miller was not suitable for service because it is a post office box. *See* Docket No. 30. Moreover, Plaintiff showed diligence before that time in moving for service on Defendant Miller, submitting the required USM-285 form, and

---

[1] "Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1

seeking an update on service when it had not been completed. *See, e.g.*, Docket Nos. 20, 24. The circumstances warrant an extension of 45 days to the service deadline. This aspect of Plaintiff's motion is granted.

## II.    HIRING A PRIVATE LEGAL PROCESS FIRM

Plaintiff seeks issuance of an order requiring Defendants to hire a private legal process firm to obtain another address at which to attempt service on Defendant Miller. Docket No. 33 at 2; *see also id.* at 3. Defendants failed to address this argument in their response, Docket No. 34, so any counter-argument has been waived, *see, e.g.*, *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[i]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue").[2]

Despite Defendants' waiver, the Court is not persuaded at this time that Defendants should be ordered to pay for a private legal process firm to find an alternative address for Defendant Miller. Plaintiff's request on this front appears to stem from the general duty to avoid unnecessary expense in service, *see* Docket No. 34 at 2, *see also* Fed. R. Civ. P. 4(d)(1), but Plaintiff has not sufficiently explained how a duty to avoid unnecessary expense translates into requiring a litigation adversary to preemptively pay to find a new address at which to attempt service on a co-defendant. Given the circumstances of this case, the Court instead finds that the Attorney General's Office must inquire within the Nevada Department of Corrections (and any related state entity that may hold pertinent information) as to an alternative address for Defendant Miller. *Cf.* Docket No. 11 at 2 ("If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es)").

No later than September 15, 2025, the Attorney General's Office must file a notice on the public docket advising whether it has obtained an alternative address for Defendant Miller. If an alternative address has been located, the Attorney General's Office must file that address under seal. If an alternative address has been located, Plaintiff must file in prompt fashion a motion

---

[2] As discussed in the order issued concurrently herewith, the responsive brief fell well below the expectations of the Court.

seeking attempted service at that sealed address. If an alternative address has not been located by the Attorney General's Office, Plaintiff must file in prompt fashion a motion identifying the unserved defendant and specifying a detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion is **GRANTED** in part and **DENIED** in part. The deadline to effectuate service on Defendant Miller is **EXTENDED** to October 20, 2025.

IT IS SO ORDERED.

Dated: September 8, 2025

Nancy J. Koppe
United States Magistrate Judge