# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Tony Hines,

    Plaintiff(s), v.

James Dzurenda, et al.,

    Defendant(s).

Case No. 2:24-cv-00060-JAD-NJK

**Order**

Concurrently herewith, the Court is resolving Plaintiff's motion regarding the Rule 4(m) notice of potential dismissal. The Court issues this order separately to address the frivolous response filed by Deputy Attorney General John Regalia. Docket No. 34. Most painfully, DAG Regalia asserts repeatedly that Plaintiff's motion "lacks points and authorities." Docket No. 34 at 2.[1] It is not clear what DAG Regalia is referencing given that the *pro se* motion includes five citations to Rule 4 of the Federal Rules of Civil Procedure, as well as citations to a statute and case law. *See* Docket No. 33. The icing on the cake in advancing this argument is that DAG Regalia himself filed this response without any citation to any legal authority. Hence, the very papers in which DAG Regalia raises this argument against a prisoner proceeding without a lawyer itself lacks points and authorities and is properly disregarded on that basis. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion").[2]

---

[1] "Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] There are other obvious problems with the filing, including repeated reference to a two-month delay based on Plaintiff's motion having been filed on "September 21, 2025" (i.e., a date that has not yet happened), and reference to Plaintiff's filing being "procedurally improper" despite the Court issuing a Rule 4(m) notice specifically referencing the potential to seek additional time for service by showing good cause, *see* Docket No. 32.

1

In short, DAG Regalia's filing falls well below the expectations of the Court.[3] DAG Regalia is reminded that he has an obligation to ensure that his arguments have a reasonable basis in fact and law. *See* Fed. R. Civ. P. 11. To the extent DAG Regalia is not sufficiently familiar with how to litigate in federal court, he must immediately make himself so. *See, e.g.*, *Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998). DAG Regalia is urged to undertake available continuing legal education courses on federal practice and to read the local rules of this Court. Continuing to make frivolous arguments in the future may subject DAG Regalia to the imposition of sanctions.

IT IS SO ORDERED.

Dated: September 8, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The Court notes that the state has experienced publicized computer problems in the preceding week or two. The instant filing makes no mention of that circumstance interfering with the presentation of argument. If the presentation of competent argument was in fact impeded by that circumstance, then a motion to extend the response deadline should have been filed.