**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Tony Hines,

     Plaintiff

v.

Warden Breitenbach, et al.,

     Defendants

Case No.: 2:24-cv-00060-JAD-NJK

**Order Overruling Objection to Magistrate Judge's Order**

[ECF No. 61]

Plaintiff Tony Hines brings this pro se civil-rights action under 42 U.S.C. § 1983, claiming that his constitutional rights were violated when he was placed under investigation and into disciplinary segregation. The discovery process in this case generated several disputed motions. When the defendants (represented by Nevada's Office of the Attorney General) failed to respond to written discovery requests that Hines propounded, Hines moved for case-dispositive sanctions.[1] Some of those requests were for admissions, and they were automatically deemed admitted by virtue of the lack of response within the 30-day period prescribed by Federal Rule of Civil Procedure (FRCP) 36.[2] Once alerted to the discovery lapses, defense counsel filed a motion for relief from those admissions under FRCP 36(b).[3]

The magistrate judge conducted a hearing on both motions. While she chided defense counsel for its "carelessness and conduct well below" the court's expectations, she ultimately granted the request to withdraw the admissions and denied Hines's request for case-dispositive

---

[1] ECF No. 39.

[2] *See* Fed. R. Civ. P. 36(a)(3).

[3] ECF No. 40.

sanctions.[4]  She reasoned that the defense's failures were more inept than intentional and did not merit case-dispositive sanctions and that the defense had "just barely nudged" its motion to withdraw the admissions "across the line."[5]  To ensure that Hines would have enough time to obtain complete responses to the discovery requests he was awaiting from the defense, the magistrate judge also reopened the discovery deadline just for Hines, and she extended the dispositive-motion deadline for everyone.

Hines objects.[6]  He argues that the magistrate judge should not have reopened discovery because he didn't ask for that relief, and extending the deadline may give the defense the opportunity to come up with more evidence for their summary-judgment motion.  Having reviewed the underlying motions, Hines's objection, and the defendants' response, and having listened to the recording of the magistrate judge's hearing, I overrule Hines's objection.

## Analysis

### A.    The standard of review for a magistrate judge's discovery-related order is deferential.

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[7]  This standard of review "is significantly deferential" to the magistrate judge's determination.[8]  A district judge can overturn a magistrate judge's

---

[4] *See* ECF No. 60 (minutes of 12/18/25 hearing).

[5] Audio recording of 12/18/25 hearing.

[6] ECF No. 61.

[7] L.R. IB 3-1(a).

[8] *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for So. Cal.*, 508 U.S. 602, 623 (1993).

2

determination under this standard only if she has "a definite and firm conviction that a mistake [of fact] has been committed"[9] or a relevant statute, law, or rule has been omitted or misapplied.[10]

**B.      Hines has not met the high standard for reversal of the magistrate judge's rulings.**

On this record, I cannot conclude that the magistrate judge's decision to reopen discovery for Hines was clearly erroneous or contrary to law.  That ruling was issued to benefit Hines, not the defendants.  Discovery is an investigative process, and the goal of that process is full disclosure, not a "gotcha" result.[11]  As the United States Supreme Court put it long ago in *United States v. Procter & Gamble Co.*, the discovery process is intended to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."[12]  Thus, the initial remedy for unanswered discovery is typically to compel responses and thereby ensure that the discovery process is having its intended effect.  As a leading treatise on federal procedure explains, FRCP 37, which prescribes the remedies for discovery misconduct, is "flexible,"[13] and the court's discretion under it is broad.[14]  This is

---

[9] *Id.* (internal quotation marks omitted).

[10] *See Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[11] *See, e.g.*, *Grubbs v. Winn Dixie Props., LLC*, 2015 WL 3892555, at *1 (E.D. La. June 17, 2015) ("Discovery under the Federal Rules of Civil Procedure is not a game of 'gotcha.'"); *Measured Wealth Priv. Client Grp., LLC v. Foster*, 2020 WL 3477533, at *1 (S.D. Fla. June 25, 2020) ("Discovery is not a game of 'gotcha,' where one counsel attempts to pounce on another counsel's inadvertent calendaring error . . . to try and gain a tactical advantage.").

[12] *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

[13] 8B C. Wright, A. Miller, R. Marcus, Federal Practice and Procedure: Civil § 2284 at 436-37 (2010 ed., 2026 supp.).

[14] *See, e.g., Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985) (identifying the "great latitude" afforded to lower courts deciding discovery sanctions).

consistent with the overarching policy of the Federal Rules of Civil Procedure to allow cases to be decided on their merits rather than technicalities.[15]

So the magistrate judge's aim when addressing the discovery problems that Hines was encountering in this case was—properly—to ensure that Hines was afforded a full and fair opportunity to get the discovery he had requested from the defense.  Because the defense's responses were delayed, it was necessary to give Hines additional time to obtain those responses and to file a timely motion to compel those responses if they continued to be delayed or were ultimately inadequate.  And that's precisely what the magistrate judge did.

This court understands that Hines views that ruling as benefiting the defense because it also effectively enlarged the defendants' time to produce responsive evidence, and that could seem lopsided and thus unfair.  But that view misunderstands that a ruling that punished the defendants with case-dispositive sanctions would have been premature and unjust under the applicable law.[16]  So the best outcome that Hines could reasonably expect under these circumstances was to get the discovery he had asked for, and that is what the decision to reopen discovery for Hines alone provided.  The magistrate judge's decision to reopen the discovery period for the exclusive purpose of allowing Hines to obtain the evidence he had requested was therefore not clearly erroneous or contrary to law.

---

[15] 5B Fed. Prac. & Proc. Civ. § 1357 (4th ed.) (noting "[t]he federal policy of deciding cases on the basis of the substantive rights involved rather than on technicalities").  *See also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

[16] *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (explaining the Ninth Circuit's five-part test to determine whether such a sanction is "just," and requiring the court to consider "the public policy favoring disposition of cases on their merits" and "the availability of less drastic sanctions").

**Conclusion**

IT IS THEREFORE ORDERED that Plaintiff Tony Hines's objection to the magistrate judge's December 18, 2025, order **[ECF No. 61] is overruled**, and the magistrate judge's ruling is affirmed.

_____
U.S. District Judge Jennifer A. Dorsey
May 15, 2026